IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOSE NELSON MELENDEZ<br>5825 Missouri Avenue, Apt. 301<br>Washington, DC 20011<br><br>PLAINTIFF<br><br>v.<br><br>CHEN & ZENG, INC.<br>SATAY CLUB ASIAN RESTAURANT<br>4656 Wisconsin Avenue, NW<br>Washington, DC 20016<br><br>    Serve:  Teck Hin Chan<br>              4654 Wisconsin Avenue, NW<br>              Washington, DC 20016<br><br>DEFENDANT. | *<br>*<br>*<br>*<br>*<br>*<br>*   Case No.:<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>* |

## COMPLAINT

Plaintiff Jose Nelson Melendez ("Plaintiff"), by and through his undersigned counsel, hereby submits his Complaint against Defendant Chen & Zeng, Inc. d/b/a Satay Club Asian Restaurant ("Defendant") to recover damages under the Federal Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA") and for unpaid overtime wages and damages under the D.C. Minimum Wage Act Revision Act of 1992, D.C. Code §§ 32-1001 *et seq.* ("DCMWA") as set forth below.

### PARTIES AND JURISDICTION

1. Plaintiff is an adult resident of the District of Columbia. Plaintiff's consent to participate in a collective action under the FLSA is attached hereto as Exhibit 1.

2. Defendant is a corporation formed under the laws of the District of Columbia with its principal place of business in the District of Columbia.

3. At all times during Plaintiff's employment, Defendant served food products that originated and otherwise traveled outside of the Washington, D.C. and the United States and thus Defendant was engaged in commerce or in the production of goods for commerce within the meaning of § 3(s)(1) of the FLSA (29 U.S.C. § 203(s)(1)).

4. On information and belief, each year during Plaintiff's employment, Defendant's gross revenue exceeded $500,000.00 and thus Defendant qualified as an "enterprise" within the meaning of § 3(r) of the FLSA (29 U.S.C. § 203(r)).

5. At all times during Plaintiff's employment with Defendant, Plaintiff was an individual employee who, while engaged in his employment duties, handled, sold, and otherwise worked on goods and materials (namely food products) that were moved in or produced for commerce thus Plaintiff was an individual employee who was engaged in commerce or the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

6. At all times during Plaintiff's employment period, Defendant was Plaintiff's "employer" for purposes of the FLSA and DCMWA.

7. This Court has jurisdiction over Defendant pursuant to § 16(b) of the FLSA, 29 U.S.C. §216(b), and 28 U.S.C. § 1337 relating to "any civil action or proceeding arising under any Act of Congress regulating commerce." Subject matter jurisdiction is invoked under 28 U.S.C. § 1331. Venue is proper pursuant to 28 U.S.C. § 1391(b).

## FACTS

8.      Plaintiff was employed by Defendant from at about February 1, 2009 through about August 11, 2012 (hereafter, "the relevant time period" or "at all times relevant").

9.      At all times relevant, Plaintiff worked for Defendant as a full time employee.

10.     At all times relevant, Plaintiff primarily performed work duties for Defendant as a food preparer at Defendant's Satay Club Asian Restaurant located in Washington, DC.

11.     The FLSA and DCMWA require employers to keep accurate employment records reflecting the hours employees work and the rate and method at employees are paid. *See* 29 U.S.C. § 211(c); D.C.Code 32–1008(b).

12.     If an employer fails to keep accurate employment records, an employee with an FLSA or DCMWA claim may satisfy his burden by proving that he has in fact performed work for which he was improperly compensated and producing sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference. *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687–88 (1946)).

13.     In such a situation where the employer has failed to keep accurate employment records, the burden shifts to the employer to show the exact amount of work performed by plaintiffs or to negate the reasonableness of the inference derived from plaintiffs' evidence. *Anderson*, 328 U.S. at 687–688.

14. If an employer fails to produce evidence to rebut the employee, the Court may award damages, even if the award is only approximate. *Anderson,* 328 U.S. at 687–688.

15. On information and belief, during the course of Plaintiff's employment with Defendant, Defendant failed to keep or maintain accurate records recording the number of hours Plaintiff worked each week and the rate at which Plaintiff was compensated.

16. Plaintiff does not have, in his possession, documents reflecting the exact number of hours that he worked each week, but it is Plaintiff's reasonable estimation and belief, based on first hand knowledge, that at all times during Plaintiff's employment, Plaintiff typically and consistently worked about sixty-nine (69) hours per week.

17. At all times during Plaintiff's employment, Defendant had knowledge that Plaintiff typically and consistently worked about sixty-nine (69) hours per week and suffered or permitted Plaintiff to work about sixty (69) hours per week.

18. At all times during Plaintiff's employment, Defendant paid Plaintiff a flat bi-monthly salary in the amount of $850.00 paid on the 3rd and 18th of each month.

19. The maximum-hours provision of the FLSA requires employers to pay any employee who is covered by the Act "not less than one and one-half times the *regular rate* at which he is employed" for all hours worked in excess of forty in a week. 29 U.S.C. § 207(a)(1) (emphasis supplied).

20. According to Department of Labor regulations and Supreme Court precedent, the "regular rate" of pay for FLSA purposes is an "actual fact" that "must be drawn from what happens under the employment contract," rather than from any

agreement between the employer and employee. 29 C.F.R. § 778.108. "Once the parties have decided upon the amount of wages and the mode of payment[,] the determination of the regular rate becomes a matter of mathematical computation, the result of which is unaffected by any designation of a contrary, 'regular rate' in [a] wage contract [ ]." *Walling v. Youngerman-Reynolds Hardwood Co.*, 325 U.S. 419, 424-25 (1945).

21.     Where there is a clear mutual understanding of the parties that the fixed salary is compensation (apart from overtime premiums) for the hours worked each workweek, whatever their number, rather than for working 40 hours or some other fixed weekly work period, such a salary arrangement is permitted by the Act *if* the amount of the salary is sufficient to provide compensation to the employee at a rate not less than the applicable minimum wage rate for every hour worked in those workweeks in which the number of hours he works is greatest, *and if* he receives extra compensation, in addition to such salary, for all overtime hours worked at a rate not less than one-half his regular rate of pay. *Hunter v. Sprint Corp.*, 453 F.Supp.2d 44, 58 (D.D.C. 2006).

22.     At no time during the period of Plaintiff's employment did Plaintiff and Defendant reach, or even engage in any discussions relating to, a clear and mutual understanding that Plaintiff's salary was intended to compensate Plaintiff at a regular non-overtime rate of pay for hours worked each week less than forty (40) and at a different overtime rate of one-and-one-half (1½) times Plaintiff's rate of pay for hours worked each week in excess of forty (40).

23.     At no time during the period of Plaintiff's employment did Defendant ever, in addition to Plaintiff's flat salary, pay extra wages to Plaintiff for overtime hours worked in excess of forty (40) at a rate not less than one-half Plaintiff's regular rate of

pay.

24. In truth, Defendant paid Plaintiff his flat salary for only non-overtime hours worked each week (those less than forty (40)) and paid Plaintiff no wages at all for hours worked each week in excess of forty (40).

25. Defendant should have paid Plaintiff at the rate of one-and-one-half (1½) times Plaintiff's regular rate of pay for all hours worked each week in excess of forty (40).

26. At no time during Plaintiff's employment did Plaintiff perform work duties that would make him exempt from the overtime requirement of the FLSA or DCMWA.

27. For each week that Plaintiff worked, Plaintiff is owed unpaid overtime wages in the amount of $429.78 ($850.00 paid bi-monthly * 2 = $1,700.00 per month / 4.3 weeks per month = $395.35 per week / 40 hours per week = $9.88 per hour (regular rate) * 1.5 = $14.82 (overtime rate) * 29 overtime hours per week = $429.78 in unpaid overtime wages per week).

28. The FLSA and DCMWA provide for a three (3) year statute of limitations on Plaintiff's overtime claim. Accordingly, Plaintiff may properly recover unpaid overtime wages back for 156 weeks.

29. For the statutory period for which Plaintiff may recover unpaid overtime wages, Plaintiff is owed unpaid wages in the amount $67,045.68 ($429.78 per week * 156 weeks = $67,045.68).

30. An employer who violates the FLSA and DCMWA overtime provisions are ordinarily "liable to the employee or employees affected in the amount of their unpaid minimum wages ... and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b).

31. The award of liquidated damages is mandatory unless "the employer shows to the satisfaction of the court that the act or omission giving rise [to the FLSA action] was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the [FLSA]." 29 U.S.C. § 260.

32. The good faith defense to liquidated damages requires "an affirmative showing of a genuine attempt to ascertain what the law requires," not simply the absence of bad faith. *Danesh v. Rite Aid Corp.*, 39 F.Supp.2d 7, 13 (D.D.C.1999) (citation omitted).

33. Here, Defendant's failure to pay Plaintiff wages as required by Federal Law and District of Columbia law was not the product of good faith and Defendant had no reasonable grounds for believing its failure to pay Plaintiff overtime compensation at the legal rate was in compliance with Federal or District of Columbia law.

34. Defendant cannot meet its burden of an affirmative showing to avoid the imposition of liquidated damages. As such, in addition to his unpaid overtime wages, Plaintiff is entitled to liquidated damages in an equal amount to his unpaid wages ($67,045.68).

35. The FLSA and DCMWA are "fee shifting" statutes, directing an award of payment of attorney's fees and costs by Defendant to the successful Plaintiff. As such, Plaintiff is entitled to payment, by Defendant, of his attorney's fees and costs.

36. The FLSA provides that a court "***shall***, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and the costs of the action." 29 U.S.C. § 216(b) (emphasis added). In contrast to other fee-shifting statutes where the award of attorney's fees and costs is discretionary with the court, an award of attorney's fees to a prevailing plaintiff in a FLSA case is mandatory. *See Hensley v. Eckerhart*, 461 U.S. 424 (1983).

37. "[A] reasonable fee is the number of hours reasonably expended on the litigation case multiplied by a reasonable hourly rate." *Hensley*, 461 U.S. at 433.

38. The product of a reasonable number of hours times a reasonable hourly rate is known as the "lodestar". *Id.* at 434.

39. In the District of Columbia, reasonable hourly rates are based on the schedule or attorney's fee rates originally adopted by this Court in *Laffey v. American Airlines, Inc.*, 572 F. Supp. 354 (D.D.C. 1983), *aff'd in part, rev'd in part on other grounds*, 746 F.2d 4 (D.C. Cir. 1984), *cert. denied*, 472 U.S. 1021 (1985), commonly referred to as the "*Laffey* Matrix."

40. In addition to unpaid wages and liquidated damages in an equal amount, Plaintiff is entitled to payment, by Defendant, of his attorney's fees and costs, using the "lodestar method" and applying the "*Laffey* Matrix."

## CAUSES OF ACTION

### COUNT I
### Violation of Federal Fair Labor Standards Act
### (Overtime)

41. Plaintiff re-alleges and reasserts each and every allegation set forth in Paragraphs 1-40 above, as if each were set forth herein.

42. The FLSA mandates that an employer must pay employees overtime wages in the amount of one-and-one-half (1½) times the employee's regular rate of pay for all overtime hours worked each week in excess of forty (40).

43. At all times, Plaintiff was an "employee" covered by the FLSA, 29 U.S.C. § 207(a)(1), and Defendant was Plaintiff's "employer" under FLSA, 29 U.S.C. § 207(a)(2).

44. Defendant, as Plaintiff's employer, was obligated to compensate Plaintiff at the overtime rate of one-and-one-half (1½) times Plaintiff's regular rate for all hours worked per week in excess of forty (40).

45. As set forth above, while in Defendant's employ, Plaintiff worked approximately twenty-nine (29) overtime hours each week.

46. As set forth above, Defendant failed and refused to pay Plaintiff any wages for all overtime hours worked each week in excess of forty (40).

47. Defendant's failure and refusal to pay Plaintiff as required by the FLSA was willful and intentional, and was not in good faith.

WHEREFORE, Defendant is liable to Plaintiff under Count I for all unpaid overtime wages in such amounts as are proven at trial, plus an equal amount in liquidated damages, interest (both pre- and post- judgment), reasonable attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

### COUNT II
### Violation of D.C. Minimum Wage Act Revision Act of 1992
### (Overtime)

48. Plaintiff realleges and reasserts each and every allegation set forth in Paragraphs 1-47 above, as if each were set forth herein.

49. Plaintiff was Defendant's "employee," and Defendant was Plaintiff's "employer" within the meaning of the DCMWA, D.C. Code §§ 32-1001 *et seq.*

50. Defendant, as Plaintiff's employer under the DCMWA, was obligated to compensate Plaintiff at the overtime rate of one-and-one-half (1½) times Plaintiff's regular rate of pay for all hours worked per week in excess of forty (40).

51. As set forth above, while in Defendant's employ, Plaintiff worked approximately twenty-nine (29) overtime hours each week.

52. As set forth above, Defendant failed and refused to compensate Plaintiff any wages for all overtime hours worked each week in excess of forty (40).

53. Defendant's failure and refusal to pay Plaintiff as required by the FLSA was willful and intentional, and was not in good faith.

WHEREFORE, Defendant is liable to Plaintiff, under Count II, for all unpaid wages in such an amount to be proven at trial, plus liquidated damages in an equal amount, interest (both pre- and post-judgment), attorney's fees, costs, and any other and further relief this Court deems appropriate.

Respectfully submitted,

_____
Gregg C. Greenberg
Bar No. MD17291
The Zipin Law Firm, LLC
8403 Colesville Road, Suite 610
Silver Spring, Maryland 20910
Phone: 301-587-9373
Fax: 301-587-9397
Email: ggreenberg@zipinlaw.com

*Counsel for Plaintiff*